IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LAWRENCE R. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 106-141 |
| | ) |
| RONALD STRENGTH, et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Autry State Prison in Pelham, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). (Doc. no. 3). However, after further review of Plaintiff's complaint and prior history of case filings, and for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that his IFP status be **REVOKED**. (Doc. nos. 3, 10). Furthermore, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice and that Movant Michael Jacobitz's Motion to Intervene be **DENIED** as **MOOT**. (Doc. no. 9).

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. In fact, Plaintiff has filed several frivolous lawsuits and appeals, three of which are: 1) Smith v. Perdue, 1:05cv3213-CAP (N.D. Ga. Feb. 15, 2006); 2) Smith v. Donald, 5:05cv045-WTM (S.D. Ga. Nov. 22, 2005) (complaint and appeal dismissed as

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted).

2

frivolous); and 3) Smith v. Internal Revenue Service, 5:05cv065-WTM (S.D. Ga. Oct. 17, 2005) (complaint and appeal dismissed as frivolous).[2]

In each of these cases or appeals, Plaintiff filed a complaint or appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Therefore, these previously dismissed cases and appeals qualify as strikes under § 1915(g). As Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

**B.     No Allegation of "Imminent Danger"**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of "imminent danger" at the time of filing this lawsuit. Plaintiff's complaint makes the tenuous argument that he is entitled to monetary damages, based upon violations of the Vienna Convention, because the Panamanian Consulate was not contacted at the time of his arrest and detention. (Doc. no. 4, p. 7). As such, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

---

[2]The Honorable W. Louis Sands, United States District Judge for the Northern District of Georgia, recently dismissed a § 1983 action in which Plaintiff sought to proceed IFP based upon the three strikes provision referencing the three above-listed cases, as well as a fourth case, Smith v. United States of America, 1:04cv3643-CAP (N.D. Ga. Feb. 2005). See Smith v. Donald, 1:06cv130, doc. no. 4, p. 2 (N.D. Ga. Oct. 4, 2006).

3

### III. CONCLUSION

Based on the foregoing, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's IFP status be **REVOKED**. (Doc. nos. 3, 10). Furthermore, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice, and that Movant Michael Jacobitz's Motion to Intervene be **DENIED** as **MOOT**.[3] (Doc. no. 9).

SO REPORTED and RECOMMENDED this 20th day of November, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes that, in addition to the fact that Movant Jacobitz's claims arose in the Middle District of Georgia, prisoners are not allowed to join together in IFP suits. Hubbard v. Haley, 262 F.3d 1194, 1196-98 (11th Cir. 2001). If Jacobitz wants to pursue his claims, he should file his own lawsuit.